IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL J. MURPHY<br>906 NE 188th Street<br>Smithville, MO 64089<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY a/k/a LINCOLN NATIONAL CORPORATION, LINCOLN FINANCIAL GROUP<br>Serve: Registered Agent<br>Corporation Service Company<br>135 N. Pennsylvania Street – Suite 160<br>Indianapolis, IN 46204<br><br>and<br><br>OPENTEXT, INC. Individually and as duly Appointed Plan Administrator<br>Serve: Registered Agent<br>CSC-Lawyers Incorporating Service Company<br>221 Bolivar Street<br>Jefferson City, MO 65101<br><br>Defendants. | ) | Case No: |

**PETITION FOR DAMAGES**

COMES NOW Plaintiff, MICHAEL J. MURPHY, by and through his attorneys, and for his Petition for due and owing plan benefits under an accidental death and dismemberment insurance plan sets forth the following:

## PARTIES

1. That Plaintiff Michael J. Murphy is the living brother of Decedent Robert Arthur Murphy, Jr. (Hereinafter "Robert Murphy") and is a resident of Missouri residing at 906 NE 188 St. Smithville, MO 64089, and a named beneficiary under the Life Insurance Policy at issue.

2. That Defendant Opentext, Inc. was the sponsor and duly appointed Plan Administrator of The Benefit Plan at issue and through Defendant Lincoln National had issued a group life insurance policy. A true and correct copy of The Plan providing Group Life Insurance which includes benefits for accidental death and dismemberment is attached hereto as Exhibit A. At all relevant times, Decedent was covered under The Plan.

3. That both Lisa Macallister and Laura Bertagnolli as agents of the Plan with both actual and apparent authority have represented to Plaintiff's counsel that Defendant Opentext, Inc. is the Plan Administrator as referenced above.

4. That in the alternative to the allegations set forth in the preceding two paragraphs if Defendant Opentext, Inc. is not the Plan Administer, then Defendant Lincoln National Corporation and its subsidiaries including but not limited to Defendant Lincoln National Life Insurance Company (formally doing business as Lincoln Life Assurance Company of Boston) is the Plan Administrator.

5. That Defendant Opentext, Inc. is a Delaware Corporation with its principal place of business at 2440 Sand Hill Rd. - Suite 302, Menlo Park, CA 94025. Defendant Opentext, Inc. is duly registered to do business in the State of Missouri, conducts business in the State of Missouri, entered into contracts including the one at issue herein in the State of Missouri and may be served through its Registered Agent CSC-Lawyers Incorporating Service Company, 221 Bolivar Street. Jefferson City, MO, 65101.

6. That Defendant Lincoln National is organized under the laws of Indiana and has its principal place of business in Radnor, Pennsylvania. Lincoln Financial is the marketing name for Lincoln National Corporation and its subsidiary companies including The Lincoln National Life Insurance Company (formally, Lincoln Life Assurance Company of Boston, until October 1, 2021), which is an Indiana domestic insurance corporation with its principal place of business at 1300 S. Clinton St., Fort Wayne, IN 46801. Lincoln National can be served through its Registered Agent at the address listed above. Lincoln National is regulated by the Missouri Division of Insurance with its Registered Agent listed at 1300 South Clinton Street, Fort Wayne, IN 46801.

## ALLEGATIONS COMMON TO ALL COUNTS

7. That Opentext, Inc. sponsored a group life insurance benefit plan for its employees through the purchase of an insurance policy issued by Defendant The Lincoln National Life Insurance Company (hereinafter referred to as "Lincoln National"). A true and correct copy of the policy providing Group Life Insurance which includes benefits for accidental death and dismemberment is attached hereto as Exhibit A. (hereinafter "The Plan"). At all relevant times, Decedent was covered under The Plan. Plaintiff states as follows:

## VENUE AND JURISDICTION

8. That venue for this action is proper in the Western District of Missouri under 29 U.S.C. § 1132(e)(2), in that it is where the breach occurred.

9. That this Court has jurisdiction over this action under 28 U.S.C. §1331 (federal question) and 28 U.S.C. Sec 1332 (diversity) and 29 U.S.C. § 1132(e)(1), irrespective of the amount in controversy or the citizenship of the parties.

**FACTUAL BACKGROUND**

10. That at all times relevant, Robert Murphy's life was insured through his employer, Opentext, Inc., under policy #SA3-840-444470-01. Said policy of insurance provided coverage on the life of Robert Murphy if he were to die by accidental means.

11. That Opentext, Inc. was at all relevant times herein Decedent's employer and Plan Administrator of The Plan. The Plan was initially adopted on January 1, 2015, with policy anniversaries occurring each January 1st beginning in 2016.

12. That Robert Murphy died on January 13, 2022.

13. That The Plan provided an accidental death benefit in an amount equal to two (2) times Robert Murphy's Annual Earnings.

14. At all times relevant during the lifetime of Robert Murphy, the necessary premiums were paid, and/or all conditions continuing insurability were met for the accident death portion of the policy.

15. Plaintiff, Michael Murphy, was the named beneficiary under said accidental death policy.

16. That Plaintiff submitted to Defendants a claim for life insurance benefits (Claim No. 12375687) as evidence by the Letter from The Lincoln National Life Insurance Company on April 21, 2022 (attached hereto as Exhibit B).

17. That Plaintiff's claim for life insurance benefits was denied (attached hereto as Exhibit B).

18. That on June 16, 2022, Plaintiff has delivered to Defendants an appeal and demand for payment of Robert Murphy's life insurance benefits consistent with the appeals process as

outlined in Section 7- General Provisions stating generally that the claim was improperly denied (attached hereto as Exhibit C).

19. That Defendants recognized Plaintiff's timely appeal and sent Plaintiff correspondence on July 25, 2022, agreeing with the initial determination to deny accidental death benefits (attached hereto as Exhibit D).

20. The accidental death policy was in full force and effect at the time of Robert Murphy's death.

21. That Defendants have denied payment of accidental death benefits claiming Robert Murphy's death meets the policy exclusion of "intentionally self-inflicted injuries, while sane or insane;"

22. That in Defendants' denial of benefits letter, Defendants stated "Mr. Murphy would have known the potential health risks associated with inhaling difluoroethane" without citing any evidence for this assertion.

23. That in Defendants' denial of benefits letter, Defendants stated "We have determined Mr. Murphy subjectively expected serious bodily injury or death to occur as a result of inhaling difluoroethane. Even if Mr. Murphy did not expect serious bodily injury or death to occur, such expectations were objectively unreasonable, since a reasonable person in Mr. Murphy's position would have viewed serious bodily injury or death as highly likely to occur."

24. That the term "accident" is not defined in The Plan.

25. That Robert Murphy did not leave a suicide note.

26. That Robert Murphy had other canisters of difluoroethane in his possession at the time of his death.

27. That no part of the accidental death policy has been paid and is now due and owing to Plaintiff as beneficiary of the insurance policy.

**CAUSE OF ACTION**
**(Recovery of ERISA accidental death and dismemberment benefits)**

28. That Plaintiff incorporates by reference each and every fact and allegation set forth above as if fully stated herein.

29. That the accidental death and dismemberment benefits as part of The Plan, is an accidental death and dismemberment benefit plan covered by ERISA 29 U.S.C. §§ 1001-1461, et seq.

30. That as a Plan fiduciary, Defendants are obligated to handle claims for the benefit of The Plan and Plan beneficiaries, and to deliver benefits promised in The Plan. Defendants are also obligated to conduct its investigation of a claim in a fair, objective and even-handed manner.

31. That Robert Murphy was covered under the accidental death portion of Policy #SA3-840-44470-01 purchased by his employer from Defendants.

32. That Plaintiff performed all obligations under The Plan.

33. That Defendants have failed and refused and still fail and refuse to pay accidental death and dismemberment benefits despite Robert Murphy's death occurring while covered under The Plan and meeting no exception.

34. That Defendants' interpretation of The Plan's language was contrary to that of the average Plan participant and policy holder, in that Defendants failed to define terms upon which its denial decisions was based and therefore is/was ambiguous. The ambiguous nature of these terms requires those terms to be construed against Defendants and in favor of coverage for the beneficiary.

35. That Defendants' determination that Robert Murphy's death was not "accidental" was made without substantial supporting evidence, and the decision to deny the claim was instead based on speculation, guesswork, one-sided assumptions, and cherry-picking the evidence in favor of a denial of the claim. The claim denial decision was de novo wrong. Alternatively, it was arbitrary and capricious.

36. That Defendants' failure to perform under The Plan was not justified or excused.

37. That Defendants' failure to pay Plaintiff is a breach of Defendants' obligations under The Plan, and as a proximate result of Defendants' improper denial of accidental death and dismemberment benefits, Defendants are liable to Plaintiff for the maximum accidental death and dismemberment benefit (pursuant to 29 U.S.C. § 1132(a)(1)) plus prejudgment and post judgment interest, attorney fees, and costs in accordance with 29 U.S.C. § 1132(g)(1).

38. That Plaintiff has been damaged in the amount of an amount equal to two (2) times Robert Murphy's Annual Earnings by Defendants' failure to pay his claim.

39. That Defendants' refusal to pay based on suspicion that is unsupported by substantial facts is considered vexatious. (See generally, Laster v. State Farm Fire and Cas. Co., 693 S.W.2d 195, 197 (Mo. Ct. App. 1985)).

40. That Defendants suspect "Robert Murphy subjectively expected serious bodily injury or death to occur as a result of inhaling difluoroethane" without providing any supportive facts for this claim.

WHEREFORE, Plaintiff prays for judgment against Defendants in the amount of two (2) times Robert Murphy's Annual Earnings pursuant to 29 U.S.C. § 1132(a)(1)) plus prejudgment and post judgment interest, attorney fees, and costs in accordance with 29 U.S.C. § 1132(g)(1) all in excess of seventy-five thousand ($75,000) and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff Michael J. Murphy, and hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

EDELMAN & THOMPSON, L.L.C.

By: */s/ James T. Thompson*

James T. Thompson MO #37245
Brock Mason MO #74341
3100 Broadway - Suite 1400
Kansas City, Missouri 64111
Tel: (816) 561-3400
Fax: (816) 561-1664
jthompson@etkclaw.com
bmason@etkclaw.com

ATTORNEYS FOR PLAINTIFF