IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL J. MURPHY<br>906 NE 188th Street<br>Smithville, MO 64089<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY a/k/a LINCOLN NATIONAL CORPORATION, LINCOLN FINANCIAL GROUP<br>Serve: Registered Agent<br>Corporation Service Company<br>135 N. Pennsylvania Street – Suite 160<br>Indianapolis, IN 46204<br><br>and<br><br>OPENTEXT, INC. Individually and as duly Appointed Plan Administrator<br>Serve: Registered Agent<br>CSC-Lawyers Incorporating<br>Service Company<br>221 Bolivar Street<br>Jefferson City, MO 65101<br><br>Defendants. | ) | Case No : |

# EXHIBIT B

The Lincoln National Life Insurance Company
Disability and Life Claims
PO Box 2578
Omaha, NE 68172-9688
Phone No.: (888) 787-2129
Secure Fax No.: (603) 427-1888

April 21, 2022

Michael Murphy
906 NE 188 ST.
SMITHVILLE, MO 64089

RE: Deceased: Robert Murphy
Policyholder: Opentext, Inc.
Policy #: SA3-840-444470-01
Claim #: 12375687

Dear Michael Murphy:

We have completed a review of the above referenced claim for life insurance benefits. Unfortunately, we are unable to pay the proceeds at this time.

The policy issued to OpenText, Inc by The Lincoln National Life Insurance (Lincoln Life) states the following:

**ACCIDENTAL DEATH AND DISMEMBERMENT EXCLUSIONS**

No benefits are payable for any loss that is contributed to or caused by:

1. war, declared or undeclared, or any act of war;
2. intentionally self-inflicted injuries, while sane or insane;
3. suicide, or suicide attempt, while sane or insane;
4. active Participation in a Riot;
5. committing or attempting to commit a felony or misdemeanor;
6. disease, bodily or mental illness (or medical or surgical treatment thereof);
7. infections, except septic infections of and through a visible wound;
8. controlled substances (as defined in Title II of the Comprehensive Drug Abuse Prevention and
Control Act of 1970 and all amendments) that are voluntarily taken, ingested or injected, unless as prescribed or administered by a Physician;
9. serving full-time active duty in the Armed Forces of any country or international

authority;

10. boarding, leaving or being in or on any kind of aircraft. However, this exclusion will not apply if the Covered Person is a fare paying passenger on a commercial aircraft or traveling as a passenger in any aircraft that is owned or leased by or on behalf of the Sponsor; or

11. the presence of alcohol in the Covered Person's blood which raises a presumption that the Covered Person was under the influence of alcohol and contributed to the cause of the accident. The blood alcohol level is governed by the jurisdiction of the state in which the accident occurred; or

12. hazardous sports, including but not limited to, motor sports (land or water), mountain climbing, skydiving, parachuting, bungee jumping, hang gliding and scuba diving.

No benefit will be payable for any loss suffered as a result of Accidental Injury during any period of incarceration.

With respect to this provision, "**Participation**" shall include promoting, inciting, conspiring to promote or incite, aiding, abetting, and all forms of taking part in, but shall not include actions taken in defense of public or private property, or actions taken in defense of the Covered Person, if such actions of defense are not taken against persons seeking to maintain or restore law and order including, but not limited to police officers and fire fighters.

With respect to this provision, "**Riot**" shall include all forms of public violence, disorder or disturbance of the public peace, by three or more persons assembled together, whether or not acting with a common intent and whether or not damage to persons or property or unlawful act or acts is the intent or the consequence of such disorder.

Based on the above exclusions and the review of Robert Murphy's Certificate of Death, as well as the Autopsy and Toxicology reports it has been determined the Accidental Death benefit is not payable. The Certificate of Death indicates that toxic effects of difluoroethane as the cause of death.

The autopsy and toxicology from the Jackson County Medical Examiner were reviewed by a Board Certifying Physician. The physician concluded:

On January 13, 2022, Robert Murphy was found deceased at his residence of toxic effects of difluoroethane abuse. According to the investigator reports numerous bottles of compressed "air" were found at the residence. A postmortem femoral blood sample revealed a difluoroethane level known to be associated with fatalities. The autopsy revealed no alternative cause of death. Difluoroethane is a volatile substance which is not available by prescription and has no medical indication for use. Cardiac arrhythmias are the most common cause of death in difluoroethane abusers. Mr. Murphy would have known the potential health risks associated with inhaling difluoroethane.

It was determined that the high concentration of difluoroethane toxicity caused Mr. Murphy's death. The Accidental Death provisions in the policy indicate that benefits are not payable if a contributing cause of death is any of the listed exclusions. Therefore, the Accidental Death benefit is not payable under exclusion #2 and is being denied.

Accidental Death and Dismemberment benefits are payable under the Policy only when a covered employee suffers a loss solely as the result of an accidental injury that occurs while covered. The Policy defines "Injury" to mean "bodily impairment resulting directly from an accident and independently of all other causes." The term "accident" is not defined. To determine whether loss is accidental, in this case, it is necessary to review this matter under the federal common law under ERISA.

The federal common law has developed a two-part test to determine whether a death is accidental. The decision-maker must consider the subjective expectations of the injured person. If it is determined the injured person did not expect an injury similar in type or kind to that suffered, the fact-finder must then examine whether the injured person's expectations were reasonable. The pertinent inquiry is whether a reasonable person, with background and characteristics similar to the injured person, would have viewed the injury as highly likely to occur as a result of the injured person's intentional conduct.

We have determined Mr. Murphy subjectively expected serious bodily injury or death to occur as a result of inhaling difluoroethane. Even if Mr. Murphy did not expect serious bodily injury or death to occur, such expectations were objectively unreasonable, since a reasonable person in Mr. Murphy's position would have viewed serious bodily injury or death as highly likely to occur. Due to the hazardous labeling of commercially available gas duster products, Mr. Murphy would have known the potential life-threatening risks of inhalant abuse. As such, we have determined that Mr. Murphy's death was not solely as the result of accidental injury and no accidental death benefits are payable under the Policy.

You or your authorized representative may request a review of your denied claim. Such request must be made in writing and submitted to us at the address below within 60 days after you receive this denial notice.

You or your authorized representative may request a review of your denied claim. Such request must be made in writing and submitted to us at the address below within 60 days after you receive this denial notice.

Lincoln Life Assurance Company
Disability & Life Claims
Attn: Laura Bertagnolli
P.O. Box 2578
Omaha NE 68172-9688

Please include your reason(s) for appealing and provide any proof, including pertinent medical information, to support your appeal. We will then provide you with a full written explanation of the decision within 60 days of receipt of your appeal.

Please be sure to include your policy number and claim number. If you wish, you may also submit your comments and views of the issues in writing and may request copies of the pertinent documents.

If your plan is subject to ERISA, you and your plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local U. S. Department of Labor Office and your State insurance regulatory agency. In addition, once all required reviews of your claim have been completed; you have the right to bring a civil action under applicable law.

In addition, your claim may be reviewed further by the California Department of Insurance. Their address is California Department of Insurance, Consumer Services Division, 300 South Spring St., South Tower, Los Angeles, CA 90013 and the Consumer Hotline is 1-800-927-4357.

If you have any questions regarding this matter, please contact me.

Sincerely,

Laura Bertagnolli
Life Claim Examiner II
Phone No.: (888) 787-2129 Ext. 15919
Secure Fax No.: (603) 427-1888